UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamarr Marcelles Elliot,[1]

        Petitioner,

v.

State of Minnesota,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 15-2812 ADM/LIB

_____

Jamarr Marcelles Elliot, pro se.

Jonathan C. Audette, Esq., Assistant Anoka County Attorney, Anoka, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Jamarr Marcelles Elliot's ("Elliot") Objection [Docket No. 16] to Magistrate Judge Leo I. Brisbois' July 1, 2016 Report and Recommendation [Docket No. 14] ("R&R"). In the R&R, Judge Brisbois recommends denying Elliot's Petition for Writ of Habeas Corpus [Docket No. 1] and that Elliot not be issued a Certificate of Appealability. After a thorough de novo review of the record and for the reasons stated below, Elliot's Objection is overruled and Judge Brisbois' R&R is adopted.

## II. BACKGROUND

In October 2012, Elliot was convicted by a jury of felony chemical test refusal. State v. Elliott, No. A13-466, 2014 WL 2013334, at *1 (Minn. Ct. App. May 19, 2014). The conviction

---

[1] As Judge Brisbois noted, the spelling of Petitioner's last name in the current Petition differs from how his last name was spelled throughout the Minnesota state court proceedings. Consistent with Petitioner's recent court filings, his last name will be spelled "Elliot" for present purposes.

stemmed from Elliot's refusal to submit to a preliminary breath test after being suspected of driving under the influence. Id. Elliot appealed his conviction to the Minnesota Court of Appeals, arguing that Minnesota's criminal test refusal statute was unconstitutional in light of Missouri v. McNeely, 133 S. Ct. 1552 (2013), which held that the natural metabolization of alcohol in the bloodstream does not present a per se exigency justifying an exception to the Fourth Amendment's warrant requirement. Elliot argued that because exigent circumstances did not exist when the officer asked him to submit to a chemical test, prosecuting him for refusing to consent to testing was unconstitutional. Elliott, 2014 WL 2013334, at *3.

In affirming Elliot's conviction, the Minnesota Court of Appeals relied upon State v. Bernard, 844 N.W.2d 41 (Minn. Ct. App. 2014), which "reasoned that penalizing [a] driver's decision to forego taking a chemical test is not unconstitutional when the circumstances establish a basis for the officer to have alternatively pursued a constitutionally reasonable nonconsensual test." Elliott, 2014 WL 2013334, at *3 (quotation marks omitted). Since the officer had a "constitutionally viable alternative" to obtain a search warrant when he asked Elliot to voluntarily submit to a chemical breath test, penalizing Elliot's refusal was not unconstitutional. Id. at *4.

Elliot appealed to the Minnesota Supreme Court, which accepted his petition for review and stayed further proceedings until it decided State v. Bernard, which was also accepted for review. See Docket No. 6-3. On April 14, 2015, after deciding State v. Bernard, 859 N.W.2d 762 (Minn. 2015), the Minnesota Supreme Court vacated the order granting Elliot's petition. See Docket No. 6-3 Ex. 8. On June 25, 2015, Elliot then filed the current Petition in federal court.

After Elliot filed his Petition, the United States Supreme Court granted review of a trio of cases involving constitutional challenges to implied consent laws, one of which was State v. Bernard.  Since Bernard was both the primary basis for affirming Elliot's conviction and central to his Petition, Judge Brisbois reasoned the most appropriate course of action was to stay Elliot's habeas petition until the Supreme Court issued its opinion.  See Order [Docket No. 11].

On June 23, 2016, the United States Supreme Court decided Birchfield v. North Dakota, 136 S. Ct. 2160 (2016), which affirmed the Minnesota Supreme Court's decision in State v. Bernard.  Since Birchfield affirmed Bernard, the decision upon which Elliot's conviction was affirmed, Judge Brisbois concluded that the

> Minnesota state court's decision cannot be said to have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or [a] "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

R&R at 15 (quoting 28 U.S.C. § 2254(d)).  Accordingly, Judge Brisbois recommended denying Elliot's Petition.

On July 12, 2016, Elliot filed the current Objection.

### III.  DISCUSSION

**A.  Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

**B. Elliot's Objection**

Elliot first contends that "[i]t is not a crime to refuse a [preliminary breath test] therefore [Elliot's] conviction cannot be upheld on the grounds of refusing a [preliminary breath test]." Obj. Elliot is incorrect; Minnesota does criminalize a motorist's refusal to submit to a breath test. See Minn. Stat. § 169A.20, subd. 2. Indeed, this was the very statute under which Elliot was convicted. See Elliott, 2014 WL 2013334, at *1 ("Elliot was convicted of one count of felony chemical test refusal, which is defined as 'refus[ing] to submit to a chemical test of the person's blood, breath, or urine.' Minn. Stat. § 169A.20, subd. 2").

Elliot next argues that the Birchfield decision "directly applie[d] to [Elliot's] argument on the constitutionality of the Criminal Implied Consent Statute, Mr. Elliot was read the implied consent advisory requiring a sample of his blood Mr. Elliott refused to give a sample of his blood without a warrant." Obj. Elliot's conviction, however, was affirmed by the Minnesota Court of Appeals under the reasoning in Bernard, which was affirmed by the Supreme Court in Birchfield. As the Minnesota Court of Appeals noted, because the officer "'indisputably' had probable cause to suspect Elliott of driving while impaired, [the officer] 'also indisputably had the option to obtain a test of [Elliott's] blood by search warrant.'" Elliott, 2014 WL 2013334, at *4 (quoting Bernard, 844 N.W.2d at 45. Birchfield did not disturb this reasoning.

Elliot does not object to Judge Brisbois' denial of a Certificate of Appealability. The Court agrees with Judge Brisbois that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would reach a different result on Elliot's claim. Accordingly, the Court declines to grant a Certificate of Appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jamarr Marcelles Elliot's Objection [Docket No. 16] to Magistrate Judge Leo I. Brisbois' July 1, 2016 Report and Recommendation [Docket No. 14] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 14] is **ADOPTED**; and

3. Elliot's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 11, 2016.